IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL SCHNEIDER, individually, and as Trustee of
THE CARL AND NARCELLE SCHNEIDER TRUST,
and MARY SCHNEIDER as Trustee of THE CARL
AND NARCELLE SCHNEIDER TRUST,

                        Plaintiffs,                      OPINION and ORDER

   v.

                                                  19-cv-980-jdp

CHRIS SCHNEIDER, and HYRID CAR STORE, INC.,
f/k/a INTERNATIONAL MOTOR WERKS, INC., and
HONDA OF LA CROSSE, INC.,

                        Defendants.

---

This is a family business dispute over defendant Chris Schneider's handling of a company now called the Hybrid Car Store. Plaintiffs Carl Schneider (Chris's father) and Mary Schneider (Chris's sister) allege that the company made illegal loans to Chris and that both Chris and the company breached their fiduciary duties to the Carl and Narcelle Schneider Trust, which is a minority shareholder of the Hybrid Car Store. Plaintiffs allege that they are citizens of Oregon and Florida, that defendants are citizens of Wisconsin, and that more than $75,000 is in controversy, so the court may exercise subject matter jurisdiction under 28 U.S.C. § 1332.

Chris has filed a document that he calls "motion to dismiss and for joinder of a necessary party." Dkt. 5. The motion raises two issues: (1) can Carl and Mary bring this lawsuit without Narcelle Schneider (Chris's mother), who is also a trustee? and (2) can Carl bring claims in his individual capacity, or is he limited to his capacity as a trustee? The court concludes that neither issue is ripe for determination, so the court will deny the motion without prejudice.

ANALYSIS

**A. Authority to bring suit without Narcelle**

Chris contends that Carl and Mary cannot sue on behalf of the trust without Narcelle, who is one of the three trustees. Both sides assume that the issue is governed by Federal Rule of Civil Procedure 19(a), which identifies circumstances for joining a "required party," such as when the party has an interest in the case that may be impaired if she isn't joined. Much of plaintiffs' 40-page brief is devoted to contending that Narcelle doesn't own any of the property in the trust, so she doesn't have an interest in the case for the purpose of a Rule 19 analysis.

But the court of appeals has said that Rule 17 is the relevant rule when determining a party's authority to sue on behalf of a trust. *See Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 648 (7th Cir. 2018). In other words, the question is whether Carl and Mary have the "capacity to sue" on behalf of the trust without the third trustee, not whether Narcelle has a sufficient interest in the case.

Unfortunately, neither side conducted an analysis under Rule 17 on this issue. And the difference between Rule 19 and Rule 17 is important, in part because courts generally treat lack of capacity to sue as an affirmative defense, *see* 5A Arthur Miller, et al., *Federal Practice & Procedure* § 1294 (4th ed.), which means that Chris would have the burden to plead and prove the defense. *See* Fed. R. Civ. P. 9(a)(2) (a party must raise the issue of lack of authority to sue "by a specific denial"). So Chris has the burden to show that plaintiffs need all three trustees, not the other way around.

At this point, the court doesn't have enough information to determine whether plaintiffs can bring a claim on behalf of the trust without Narcelle. One threshold question relates to choice of law. In *Doermer*, the court cited Rule 17(b)(3) for the proposition that "a

2

plaintiff's capacity to sue on behalf of a trust is 'determined . . . by the law of the state where the [federal district] court is located.'" 884 F.3d at 648. In this case, neither party discusses what Wisconsin law requires when suing on behalf of a trust.

In his reply brief, Chris contends that California law should apply because the trust agreement includes a California choice of law provision, and that California law generally requires all trustees to agree to bring a lawsuit. Dkt. 15, at 12 (citing Cal. Prob. Code § 15620 and *Erwin v. Fin. Life Servs.*, LLC, No. SACV0901463DOCMLGX, 2010 WL 11596536, at *2 (C.D. Cal. Aug. 30, 2010)). But plaintiffs haven't had an opportunity to respond to these arguments, so the court can't consider them. *See James v. Sheahan,* 137 F.3d 1003, 1008 (7th Cir. 1998) ("Arguments raised for the first time in a reply brief are waived."). Even if the court assumes that California law would apply, *see Am. Family Mut. Ins. Co. v. Cintas Corp. No. 2,* 2018 WI 81, ¶ 13, 383 Wis. 2d 63, 74–75, 914 N.W.2d 76, 82 (recognizing that parties "generally" are free to choose the law that governs an agreement), the authority that Chris cites recognizes two exceptions to the unanimity rule: (1) if the trust agreement otherwise provides; and (2) if it is in the best interest of the trust. *Id.* The court can't determine whether either of those exceptions applies. Chris attached a copy of the trust agreement to his motion, Dkt. 7-1, but most of it is redacted, and the viewable portions don't appear to address the issue of what authorization is necessary to sue on behalf of the trust. And neither side discusses what the "best interest" of the trust would be in this case.

So the court will deny Chris's motion to require plaintiffs to join Narcelle as a party. But Chris is free to raise the issue again in an early motion for summary judgment if he wishes.

## B. Carl's individual capacity claims

Carl says that he is suing defendants in his capacity as a trustee *and* in his individual capacity. Chris contends that Carl cannot bring claims on his behalf but may only sue on behalf of the trust.

The parties frame *this* issue as one about Carl's "capacity to sue" under Rule 17, but that is incorrect as well. There is no question that Carl has the right to bring claims on his own behalf, so "capacity" isn't an issue. *See* 5A *Federal Practice & Procedure*, at § 1292 ("The capacity to sue or be sued refers to the qualification of a party to litigate in court."). The real question is whether the complaint alleges any violations of Carl's rights or whether Carl otherwise has an interest in the case that justifies his inclusion in the case as anything other than a representative of the trust.

Carl doesn't contend that defendants violated his rights. And a review of the claims in the complaint reveals that all of them are based on defendants' duty to the trust as a shareholder in the company, not to Carl as an individual. As support for his individual claim, Carl cites paragraph four of the complaint: "Carl . . . has an individual interest in at least 37.5% of the issued and outstanding shares of Motor Werks [the previous named of Hybrid Car Store], which is held by the Trust but in which Carl retains an ownership interest and which Carl has the legal right to withdraw from the Trust." The court understands Carl to be contending that his rights to the property in the trust give him the right to sue in his individual capacity.

At this point in the case, the court need not decide whether any ownership interest Carl has is enough to support his inclusion in this case. For the time being, Carl is a proper party in his capacity as a trustee. If Chris later shows that plaintiffs cannot represent the trust without

4

the presence of Narcelle, the court can decide then whether Chris may maintain any claims in his individual capacity. Or if plaintiffs later show that defendants violated the law, the court may consider whether Carl is entitled to any relief. But for now, the question whether Chris may sue in his individual capacity simply isn't ripe. *See Socha v. Pollard*, 621 F.3d 667, 670 (7th Cir. 2010) ("If [an] order represents a mere advisory opinion not addressed to resolving a 'case or controversy,' then it marks an attempted exercise of judicial authority beyond constitutional bounds."). So the court will deny this motion without prejudice as well.

ORDER

IT IS ORDERED that defendant Chris Schneider's "motion to dismiss and for joinder of a necessary party," Dkt. 5, is DENIED without prejudice

Entered July 6, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge