IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL SCHNEIDER, individually, and as Trustee of
THE CARL AND NARCELLE SCHNEIDER TRUST,
and MARY SCHNEIDER, as Trustee of THE CARL
AND NARCELLE SCHNEIDER TRUST,

                Plaintiffs,                        OPINION and ORDER

   v.

                                                19-cv-980-jdp

CHRIS SCHNEIDER and HYBRID CAR STORE,
INC., f/k/a INTERNATIONAL MOTOR WERKS,
INC., and HONDA OF LA CROSSE, INC.,

                Defendants.

---

This case about a family business dispute is scheduled for a final pretrial conference on June 15. Defendant Chris Schneider owns 62.5 percent of the company now called the Hybrid Car Store, Inc., and The Carl and Narcelle Schneider Trust owns 37.5 percent. Plaintiffs contend that Chris, as the majority shareholder, has breached his fiduciary duties to the trust, as the minority shareholder, in numerous ways.

As indicated in the parties' trial briefs, the primary issue for trial will be whether the company should be dissolved. This opinion will address the two motions in limine filed by plaintiffs, plaintiffs' request for sanctions, some of plaintiffs' deposition designations, and the parties' joint request to allow some parties and party representatives to appear at the final pretrial conference by telephone. Defendants didn't file any of their own motions in limine.

ANALYSIS

A. **Plaintiffs' motions in limine**

　　1. **Motion to exclude indemnification evidence**

One of the issues in this case is the extent to which Wisconsin law allows Chris to use company funds to pay for his litigation expenses, both from this case and in a previous state-court lawsuit between the same parties. In the November 2021 summary judgment decision, the court concluded that Wisconsin law allowed Chris to charge the company for his legal expenses related to the official-capacity claims against him in the state-court lawsuit, but not for the expenses related to the personal-capacity claims. Dkt. 85, at 8. More recently, the court denied plaintiffs' request to amend their complaint to raise a standalone claim that Chris is breaching his fiduciary duty to the trust by charging the company for all of his legal expenses in this case. Dkt. 118. But the court also stated that it may be necessary to determine whether Chris has been improperly charging legal expenses in this case if the court grants plaintiffs' request for an accounting and a dissolution of the company. *Id.*

Plaintiffs move to bar Chris from offering evidence related to his legal expenses for either the state-court lawsuit or this lawsuit. As for the legal expenses from the state-court lawsuit, plaintiffs assert three arguments: (1) the court should exclude the testimony of Gary Antoniewicz, one of Chris's lawyers in the state court case, because Chris didn't disclose him until May 13, 2022; (2) the billing records are inadmissible hearsay without Antoniewicz's trial testimony; and (3) the billing records are irrelevant because they don't distinguish between work performed on the official-capacity claims and work performed on the personal-capacity claims.

The court will grant plaintiffs' request to exclude Antoniewicz as a trial witness. Under Federal Rule of Civil Procedure 26(a)(1), parties are required to disclose potential witnesses to the other side, and the failure to do so requires exclusion of that witness under Rule 37(c)(1) unless the failure is justified or harmless. *See Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 669 (7th Cir. 2012). Chris says this his failure was justified because he didn't know until the court issued the November 2021 summary judgment decision that his lawyer's testimony would be relevant. That argument isn't persuasive. Chris is correct that plaintiffs didn't discuss the concept of indemnification of legal expenses in their complaint, but the parties have been litigating that issue since plaintiffs filed their first summary judgment motion in January 2021. *See* Dkt. 46. Chris forfeited any objection by failing to raise it then. Even if the court assumes that Chris didn't have notice that his lawyer was a potential witness until November 2021, Rule 26(e) requires parties to supplement their disclosures. Chris offers no excuse for failing to do that until May 2022.

Chris also says that his failure to disclose was harmless because plaintiffs should have known after the November 2021 opinion that he would be calling his lawyer at trial. But the opposing party isn't required to speculate on which witnesses a party may call; that's what the disclosure rules are for. *See Rice*, 675 F.3d at 669. Chris doesn't respond to plaintiffs' argument that they were prejudiced by the failure to disclose because they lost their opportunity to depose Antoniewicz, so Chris hasn't shown that his Rule 26 violation was justified or harmless.

But the court will not exclude the state-court billing records, at least not yet. Plaintiffs contend that Chris can't offer the billing records unless Antoniewicz testifies at trial, but that's incorrect. Under Federal Rule of Evidence 902(11), a party may offer business records under Rule 803(6) even without the trial testimony of the records custodian so long as the records

3

are accompanied by a proper written certification from a custodian or otherwise qualified person. *United States v. Green*, 648 F.3d 569, 579 (7th Cir. 2011). The court cannot discern any unfair prejudice that plaintiffs will suffer if Chris offers his billing records under Rule 803(6) and Rule 902(11). Chris may have until June 14 to submit the required certification in the absence of a stipulation with plaintiffs. If plaintiffs believe that the certification is inadequate, they may raise that objection at the final pretrial conference.

As for plaintiffs' objection that the billing records don't provide enough detail to distinguish between charges that may be indemnified from those that may not, that objection is premature. Plaintiffs have submitted 180 pages of Chris's billing records, *see* Dkt. 111-1, but plaintiffs devote barely a page in their brief to arguing that none of the billing records contain helpful information. The court will give both sides an opportunity at trial or in posttrial briefing to explain how the billing records do or don't identify which expenses may be charged to the company.

As for the legal expenses in *this* lawsuit that Chris charged to the company, plaintiffs say that Chris has neither designated an attorney witness to testify about those expenses nor provided the relevant billing records. Rather, plaintiffs believe that Chris intends to rely on his own testimony, which they say would be inadmissible because Chris doesn't have personal knowledge of the basis for his attorney fees. Chris doesn't respond to this argument, so the court will grant this portion of the motion in limine as unopposed.

2. **Motion regarding direct payments to the trust**

Plaintiffs move for an in limine ruling that the trust rather than the company is entitled to damages for any funds that Chris wrongfully took from the company. Their theory is that such funds qualify as constructive dividends under cases such as *Notz v. Everett Smith Grp., Ltd.*,

4

2009 WI 30, 316 Wis. 2d 640, 764 N.W.2d 904, so the trust is entitled to its share of the dividend as a minority. Defendants didn't file a response to this motion, so the court will grant it as unopposed.

### B. Plaintiffs' request for sanctions

Plaintiffs move to sanction defendants for failing to comply with the court's procedures requiring parties to file proposed findings of fact and conclusions of law before a court trial. Plaintiffs point to Rule 16(f)(1)(C), which allows the court to sanction a party for failing to comply with a scheduling order. Plaintiffs say that they are prejudiced by defendants' failure because plaintiffs can't determine which of defendants' nine affirmative defenses defendants plan to assert at trial. Plaintiffs ask the court "to preclude Defendants from offering at trial any evidence outside the facts to which they stipulated in the parties' joint pretrial statement." Dkt. 124, at 4.

Plaintiffs' asserted prejudice doesn't match their requested sanction. They don't allege that they are generally unaware of the facts or the law that defendants will be relying on at trial. As defendants point out, this case has gone through two rounds of summary judgment motions on plaintiffs' claims, so both sides should have fair notice of the issues being raised at trial. The requirement to submit proposed findings of fact and conclusions of law applies only to court trials, which shows that its primary purpose is to assist the court in conducting the trial, not to give the other side a detailed preview into litigation strategy. The court isn't persuaded that preventing defendants from relying on anything but stipulated facts is an appropriate sanction under the circumstances.

That being said, plaintiffs raise a fair point about defendants' affirmative defenses. And defendants say nothing about those defenses in their response to plaintiffs' motion, suggesting

5

that defendants have abandoned their defenses. So the court will grant plaintiffs' motion for sanctions in part: defendants may not assert any affirmative defenses at trial.

The court will reserve a ruling on any further sanctions. If plaintiffs believe that defendants are sandbagging them during trial with new facts or theories, they may object then.

## C. Deposition designations

Plaintiffs discuss two disputed issues related to their deposition designations. Dkt. 117. The first issue is more about the scope of the trial than to depositions. Specifically, plaintiffs say that they want to designate deposition testimony related to their claim that Chris breached his fiduciary duties by failing to negotiate more favorable terms for the sale of the company's assets. The crux of their argument is captured by the following sentence in their brief: "[E]ven if Chris's self-serving actions in structuring the [asset purchase agreement] to advantage himself and disadvantage the Trust no longer remains a stand-alone claim for trial, his oppressive and self-serving actions in doing so remain nonetheless relevant to Plaintiffs' dissolution claim." Dkt. 117, at 2.

The court will not allow plaintiffs to present evidence about the terms of the sale. The court has already determined that Chris's structure of the sale didn't breach his fiduciary duty to the trust. Plaintiffs identify no other way that the sale was "illegal, oppressive or fraudulent" under Wis. Stat. § 180.1430(2)(b), which is the provision that plaintiffs are relying on. So the court can discern no relevance that the structure of the sale has to the remaining issues in this case.

Second, plaintiffs ask to rely on Carl's deposition testimony in lieu of live testimony because he is unavailable for two reasons: (1) he lives more than 100 miles away from the

courthouse, Fed. R. Civ. P. 32(a)(4)(B); and (2) he cannot attend trial "because of age, illness, infirmity, or imprisonment," Fed. R. Civ. P. 32(a)(4)(C). Chris objects.

The rule allowing the use of depositions for witnesses more than 100 miles from the courthouse doesn't apply when a party is trying to use his own deposition. *See* Fed. R. Civ. P. 32(a)(4)(B). As for the exceptions for age, illness, infirmity, or imprisonment, plaintiffs don't expressly state which exception or exceptions they are invoking. But they say in their motion to allow certain parties to appear at the final pretrial conference by telephone that Carl is "in [his] late 80s and in ill health." Dkt. 130, at 2. The parties are free to stipulate that Carl meets the requirements of Rule 32(a)(4)(C). But if they don't, plaintiffs should be prepared to submit evidence at the final pretrial conference showing why Carl is unable to attend trial if plaintiffs wish to use his deposition in lieu of live testimony.

**D. Motion to appear by telephone**

Counsel for both sides will be appearing at the final pretrial conference in person. But the parties ask the court to allow Mary Schneider and Chris Schneider, as well as Elizabeth Dykstra, who is Carl's daughter and his agent under a power of attorney, *see* Dkt. 86, to appear by telephone. That request will be granted.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion in limine to exclude indemnification evidence, Dkt. 110, is GRANTED in part. Gary Antoniewicz may not testify at trial, and defendants may not offer evidence regarding the legal expenses incurred in this case. The motion is otherwise DENIED.

2. Plaintiffs' motion in limine regarding payments to the trust, Dkt. 109, is GRANTED as unopposed.

3. Plaintiffs' motion for sanctions, Dkt. 124, is GRANTED in part. Defendants are precluded from asserting any affirmative defenses at trial. The court will reserve a ruling on additional sanctions.

4. The parties' motion to allow Mary Schneider, Carl Schneider, and Elizabeth Dykstra to appear at the final pretrial conference, Dkt. 130, is GRANTED. The affected parties are directed to provide the clerk's office with telephone numbers where they can be reached at the time of the conference.

5. The parties may not submit evidence at trial about the structure of the sale of the company's assets.

6. Defendants may have until June 14, 2022, to submit a certification under Federal Rule of Evidence 902(11) for the billing records from the state-court lawsuit.

Entered June 10, 2022.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge