IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CARL SCHNEIDER, individually, and as Trustee of THE CARL AND NARCELLE SCHNEIDER TRUST, and MARY SCHNEIDER as Trustee of THE CARL AND NARCELLE SCHNEIDER TRUST,<br><br>           Plaintiffs,<br>v.<br><br>CHRIS SCHNEIDER, and HYBRID CAR STORE, INC. f/k/a INTERNATIONAL MOTOR WERKS, INC., and HONDA OF LA CROSSE, INC.,<br>           Defendants. | 19-cv-980-jdp |

### ORDER APPOINTING RECEIVER

This Court having conducted a two-day trial beginning on June 22, 2022; having found that appointment of a receiver as requested in Count XIV of the Complaint is warranted; having reviewed the Declaration of Rebecca R. DeMarb ("DeMarb"); and it appearing that the appointment of DeMarb is in the best interests of Hybrid Car Store, Inc. (the "Company"), is supported by Federal Rule of Civil Procedure 66, and is in the best interests of the shareholders of the corporation and all other parties-in-interest; and based upon all the files, pleadings, and other documents of record in the above-captioned case (the "Case"); and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

1. The Court has jurisdiction over this matter and authority to appoint a receiver

1

over all property of Hybrid Car Store, Inc. (the "Assets").

2. Dissolution of the Corporation is warranted under Wis. Stat. § 180.1430(2)(b).

3. The appointment of a receiver to manage the dissolution and winding up of business is in the best interests of the Company, the shareholders of the Company, and all other parties in interest.

4. Count XIV of the Complaint seeks the appointment a receiver to serve as receiver of all of the property and assets of the Company, with all proceeds, products, accessions, and additions to such property (together, the "Receivership Property").

5. Plaintiffs have requested appointment of DeMarb, Senior Managing Director of Development Specialists, Inc. ("DSI").

6. The Court finds that DeMarb is qualified to serve as the receiver of the Receivership Property, and as an officer of the Court.

IT IS HEREBY ORDERED AS FOLLOWS:

### Appointment of Receiver

1. DeMarb, employed by DSI, is appointed to serve as receiver (the "Receiver") of the Receivership Property, effective immediately upon the entry of this Order (the "Commencement Date").

### Acceptance of Receivership

2. The Receiver shall file its acceptance of the assignment in writing not later than ten days from this Order. If Demarb does not accept the receivership within ten days, the Court will appoint another receiver.

<u>Power of the Receiver</u>

3. The Receiver shall have all the usual and customary powers vested in a receiver under 28 U.S.C. § 959(b) and Federal Rule of Civil Procedure 66, the federal common law standards applicable to receivers, and the laws applicable thereto, including, but not limited to, the power to:

  a. Use any federally insured institution as the Receiver so chooses, as a depository for any funds or other assets which are in the possession of the Company or may come into its possession from the sale or liquidation of the Receivership Property, or for other funds received by it during the administration of the case and such accounts will be in the name of the Company, in Receivership, and will use the existing tax identification number of the Company;

  b. Commence or continue litigation or other proceedings regarding any claims or causes of action now existing in favor of the Company or which arise during the course of the Receivership and inure to the benefit of the Company;

  c. Enforce, collect, settle, compromise, sell, assign, dispose of, or otherwise manage any notes receivable, accounts receivable, rents receivable, claims, demands, and causes of action existing in favor of the Company, and to settle and compromise any and all claims against the Company;

  d. Assert rights, claims, causes of action, or defenses that relate to the Receivership Property;

  e. Seek and obtain instruction from the Court with respect to any matter relating to the Receivership Property, the exercise of the Receiver's powers, or the

performance of the Receiver's duties;

  f. Maintain in the Receiver's name or in the name of the Company any action to enforce any right, claim, cause of action, or defense;

  g. Intervene in actions in which the Company is a party for the purpose of exercising the powers in this Paragraph 3 or requesting transfer of venue of any action to this Court;

  h. Compel any person or party, including any party to this action, by subpoena, to give testimony or to produce and permit inspection and copying of designated books, documents, electronically stored information, or tangible things with respect to the Receivership Property or any other matter that may affect the administration of the Receivership;

  i. Collect, control, manage, conserve, and protect the Receivership Property;

  j. Distribute the Receivership Property among the Company's shareholders according to their proportionate interests consistent with this Order or such other Order as the Court shall issue;

  k. Conduct any business at or with the Receivership Property in the ordinary course of the business, including the use, sale, lease, or other disposition of property of the business or otherwise constituting the Receivership Property, the incurring and payment of expenses of the Receivership Property and payment of expenses incurred prior to the Receiver's appointment;

  l. Execute, acknowledge, and deliver all agreements, leases, contracts,

4

bills of sale, assignments, releases, deeds, conveyances, transfers, and other documents necessary and proper to carry out the Receivership;

  m. Incur and pay expenses incidental to the Receiver's exercise of the powers or otherwise in the performance of the Receiver for the period from the Commencement Date through the discharge of the Receiver or the termination of the Case;

  n. Seek the authorization of the Court, following notice and hearing, to the extent required beyond the scope of this Order, to use, improve, sell, or lease the Receivership Property other than in the ordinary course of business;

  o. Operate Receivership Property using any and all of the existing sales, use, environmental, or regulatory operating licenses and permits of the Company;

  p. Keep and maintain all deposit accounts, brokerage accounts, safe deposit boxes, investment accounts, commodities and commodity trading accounts, cash, cash equivalents, and liquid assets previously kept and maintained by the Company including, without limitation, the power to act for all purposes as such Company or its subsidiaries;

  q. Succeed to all of the rights of the Company in any and all contracts in place as of the date of this Order, but not the obligations of the Company;

  r. Take all actions and execute all agreements, notices, declarations, applications, and other documents as reasonably necessary or appropriate to achieve and maintain compliance or resolve matters of noncompliance with applicable laws, including obtaining, preserving, amending, extending, and maintaining any and all federal, state, and local governmental agency environmental, regulatory and tax permits,

licenses, certificates and authorizations necessary to operate the Receivership Property;

  s. Take all actions and execute all agreements, notices, declarations, and documents necessary to preserve the corporate assets, including, as applicable, to dissolve the Company under applicable law prior to the termination of the Case;

  t. Prepare, sign, and file federal, state, local, and foreign income, gift, payroll, property, Federal Insurance Contributions Act, and other tax returns, claims for refunds, requests for extension of time, petitions regarding tax matters, and any other tax-related documents, including receipts, offers, waivers, consents, including consents and agreements under section 2032A of the Internal Revenue Code, closing agreements, and any power of attorney required by the Internal Revenue Service or other taxing authority with respect to a tax year upon which the statute of limitations has not run and any following tax years during the receivership;

  u. Pay taxes due, collect refunds, post bonds, receive confidential information, and contest deficiencies determined by the Internal Revenue Service or other taxing authority;

  v. Exercise any election available to the Company under federal, state, local, or foreign tax law;

  w. Act for the Company in all tax matters for all periods before the Internal Revenue Service, or other taxing authority;

  x. Abandon any Receivership Property that is burdensome or is not of material value to the Receivership, in the sole judgment of the Receiver;

  y. Object to any claim; and

z.  Enforce all provisions of this Order.

## Bond

4. Any statutory or federal common law requirement for the Receiver to obtain a surety bond is hereby waived.

## Professionals

5. The Receiver is authorized to employ, at its discretion, without the prior approval of the Court, such appraisers, managers, liquidators, accountants, attorneys, financial advisors, management consultants, business and/or real estate brokers, and other professional persons (collectively, "Professionals") as shall be deemed necessary by the Receiver to the administration of the Receivership. In the event the Receiver retains Professionals, notice shall be given to the Court, and such other parties who make an appearance in this case, of the Receiver's retention of such Professionals, and the type of work to be performed by the Professionals.

6. Final compensation of Professionals shall be determined by an order of the Court after a proper motion by the Receiver or the Professionals requesting final approval of fees and costs, with due notice of the motion being sent to all interested parties. The Receiver is, however, authorized to pay Professionals subject to final approval of the Court, on an interim basis, subject to recoupment and disgorgement. The fees of all Professionals shall be paid out of the Receivership Property. To the extent that the Receivership Property is insufficient to fully compensate DSI or any Professional retained by the Receiver in its capacity as Receiver, then the Plaintiffs in this action shall pay the remaining amounts due to DSI and any such Professional.

Stay/Injunction

7. The Company, along with its agents, directors, and officers are immediately enjoined and restrained from transferring, encumbering, or otherwise disposing of any of the Company's assets.

Sale of Assets

8. The Receiver is authorized to negotiate with appropriate parties for the sale of all or a portion of the Company's assets.

9. If the Receiver completes the negotiation of a sale, and has received, in writing, an acceptable written offer to purchase all or a portion of the Company's assets, then it shall give notice to the parties and lien holders of record of the existence of the proposed sale, the terms of the proposed sale, and the timing of any closing (the "Sale Notice"). The Sale Notice shall give parties and lien holders of record at least fourteen (14) days from the date of the Sale Notice to object, in writing, to the proposed sale.

10. If no objection is timely filed, the Court will enter an order authorizing the Receiver to sell the assets in accordance with the Sale Notice, without need for further hearing on the motion. If an objection to the sale is timely filed, the Court will schedule a hearing on the proposed sale at the earliest convenient date and time on the Court's calendar.

Duties of Shareholders

11. The Company's shareholders, or their representatives, shall assist and cooperate fully with the Receiver and its designees in the administration of the Receivership and the Receivership Property.

Turnover of Receivership Property and Effect of Order

12. Each and every person having possession, custody, or control of Receivership Property, and their agents, shall cooperate with the Receiver upon the entry of this Order by immediately:

    a. Surrendering to the Receiver, or its designee, physical possession of all Receivership Property, and all books, records, documents, and information pertaining to the Receivership Property;

    b. Providing the Receiver, or its designee, with all keys, combinations, codes, locations, and other access devices relating to the Receivership Property; and

    c. Delivering to the Receiver, or its designee, all Receivership Property and all titles thereto, records, accounts, cash and precious metals in the parties' possession, custody, or control relating to the operation, ownership, or management of the Company and the Receivership Property, including, without limitation, all files, maintenance files, employee records, insurance records, contracts, leases, financial books and records, security deposits, credit card receipts, advance payments, bank accounts, credit cards and credit card accounts, savings accounts, and checking accounts, including the electronic versions of any such property held in electronic form, and the Company's accounting system.

13. Upon presentation of this Order, all persons or entities, including banks, controlling possession of any portion of the Company's property shall cooperate with the Receiver in obtaining control over any such property.

14. All persons or entities, including banks, controlling possession of property of the Company or its receipts shall cooperate with the Receiver on obtaining control over the

same. Upon presentation of this Order, all persons or entities, including banks, shall turn over all funds, operating bank account and/or safe deposit boxes owned or controlled by the Company to the Receiver without delay and delete all designated signors on the bank account.

15. As of the Commencement Date, any insurance company making payment to the Company for any claim or for return of any refund of premium to the Company is ordered to pay the same to the Receiver, and the receipt by the Receiver of such amounts shall operate as a discharge to the said insurance company to the extent of the amount paid.

16. The Company, its representatives, and/or any other person or entity in possession of such insurance payments received, but not cashed, prior to the date of entry of this Order, shall properly endorse any checks and send such insurance payments/proceeds via overnight delivery to the Receiver.

17. In the event that the Company receives or comes into possession of any such insurance payments, either claims based or representing a return of premium after entry of this Order, those payments shall be turned over to the Receiver immediately. All such insurance companies, whether named herein or otherwise, are hereby enjoined and restrained from paying such claims or making payment of premium refunds of the Company to any person other than the Receiver.

<u>Instructions from the Court</u>

18. The Receiver is authorized to seek instructions from the Court on an expedited basis regarding any matters which are not anticipated by the authority granted to the Receiver.

Liability of Receiver

19. The Receiver, the Receiver's attorneys, and its agents shall not be liable to the Company or to any of their shareholders or creditors for anything that they may in good faith do or omit to do hereunder, or for any conduct whatsoever, save bad faith. The Receiver does not assume any liability under any executory contract(s) or expired lease(s) of the Company, including, without limitation, any lease of real or personal property or professional agreement.

20. The Receiver is hereby appointed as an officer of the Court and shall have immunity from personal liability as is afforded such officers under federal common law, including, but not limited to immunity from personal liability for acts or omissions undertaken as Receiver within the scope of its authority as set forth herein or as otherwise defined by law or by statute, and that agreed to by other agreement by the Receiver.

21. The Receiver may not be sued, except as otherwise consented to by the Receiver, without the prior permission of this Court.

22. The Receiver shall not be deemed in any way to be an owner of the Receivership Property. The Receiver shall not be personally liable for any obligation of the Company relating to the Receivership Property that arises after entry of this Order, including, without limitation, any contingent or unliquidated obligations. Liabilities incurred by the Receiver in its capacity as Receiver pursuant to this Order shall be liabilities of the Receivership and not personal liabilities of Receiver.  The Receiver shall not be obligated to advance any funds to pay any such liabilities.

23. The Receiver, in the performance of its duties, shall not be deemed in any

way to be a responsible person, owner or operator with respect to the operation or management of any of the Receivership Property, as such terms are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601 et seq., as amended, or any similar federal or state statute. In its capacity as Receiver, the Receiver shall have all protections available to a "fiduciary" under applicable federal and state laws, including, without limitation, derivative judicial immunity. Liabilities incurred by the Receiver in its capacity as Receiver pursuant to this Order shall be liabilities of the Receivership. The Receiver and its officers, directors, members, employees, agents, and representatives shall have no personal liability for any claims or damages, including, but not limited to, environmental claims, remediation, cleanups, or corrective actions, whether arising before or after the entry of this Order, or in connection with the Receivership Property, the operations thereof, or any of the Receiver's duties. Nothing in this Order shall in any way be construed or interpreted to impose or allow the imposition upon the Receiver of any liability for any claims arising from the pre-commencement or post-commencement activities of the Receiver or its officers, directors, members, employees, agents, and representatives and their successors and assigns.

24.     The Receiver shall not, by exercise of any authority under this Order, be deemed to possess or control, nor hold title to the subsurface of any property, nor any hazardous waste or hazardous substance. The terms "hazardous waste" and/or "hazardous substance" mean those substances which are regulated by, or form the basis of liability under, any federal, state, or local environmental laws, including, without limitation, asbestos, polychlorinated biphenyls ("PCBs"), and radioactive substances, or any other

material or substance which has in the past, or could in the future, constitute a health, safety, or environmental risk.

## Receiver's Discretion

25. To the extent that the funds available to the Receiver as described in this Order are insufficient to pay the costs and expenses that the Receiver is directed or authorized to pay, and to perform its duties, under this Order, the Receiver is authorized to allocate available amounts to paying such costs and expenses and the cost of performing such duties as the Receiver may reasonably determine, and to the extent other costs and expenses are not capable of payment or duties are not capable of performance by reason of such lack of funds, the Receiver shall be relieved from paying or performing the same.

## Services and Utilities

26. All financial institutions, credit card processors, insurance agents or underwriters, utility providers, vendors, suppliers, tradesmen, material men, service providers, franchisors, taxing agencies, and all government agencies and departments are hereby ordered to take direction from the Receiver as it relates to the accounts of the Receiver and to surrender any and all funds held on deposit or apply said funds as directed by the Receiver.

27. Utility companies and other providers of utility services, including, but not limited to, electricity, gas, water, sewage, garbage, television cable, and telephone are forbidden to discontinue, alter, or refuse service, or discriminate against the Receiver, or require payment of a deposit or receipt of other security from the Receiver, unless otherwise ordered by the Court.

28.     The Receiver is authorized to open new customer accounts with each utility that provides services to the Receivership Property or the Receiver, to enter into agreements with utility service providers (including, without limitation, fuel supply agreements), or to require or cause the Company to name the Receiver as an authorized user of any of the existing utility accounts for the Receivership Property.

Fees and Expenses

29.     Without the necessity of prior Court approval, DSI and the Receiver shall be compensated at their standard hourly rates, including the hourly rate for Rebecca DeMarb, which currently is $495.00 per hour, and which is adjusted on an annual basis, and to charge for travel time at regular hourly rates. The hourly rates of others at DSI who may work with the Receiver on this case range from $260.00 per hour to $495.00 per hour. In addition to the Receiver's fees, the Receiver shall be reimbursed for its reasonable business and travel expenses associated with the Receivership, including, among other things, the cost of a bond, copying charges, postage, long distance telephone charges, computer research charges and witness fees, if any. Use of personal automobiles may be billed at the rate set forth in the Internal Revenue Code. Legal, selling costs, appraisal fees, parking, long-distance, telephone, cell-phone, photocopies, and other reasonable expenses shall be reimbursed at the Receiver's cost. The Receiver may pay and reimburse itself with Receivership Property, including funds generated through the operation, sale, and liquidation of the Receivership Property, pursuant to theterms of this Order.

30.     The Receiver will engage Quarles & Brady LLP and Attorney L. Katie Mason of Quarles & Brady LLP as counsel.  Without the necessity of prior Court approval,

Quarles & Brady LLP shall be compensated at their standard hourly rates. Attorney Mason's hourly rate is $450/hour. The hourly rates of others at Quarles & Brady who may work on this matter range from $355 per hour to $475 per hour. Quarles & Brady LLP will initially bill for its fees on a monthly basis but may increase the frequency of its billings as necessary. In addition, Quarles & Brady LLP will be reimbursed any expenses it incurs resulting from acting as my counsel, including, among other things, copying charges, postage, long distance telephone charges, computer research charges and witness fees, if any. The Receiver may pay and reimburse Quarles & Brady LLP from the Receivership Property, including funds generated through the operation, sale, and liquidation of the Receivership Property, pursuant to theterms of this Order.

31. To the extent that the Receivership Property is insufficient to fully compensate DSI, Quarles & Brady LLP or any other professional retained by the Receiver in its capacity as receiver within 10 days after each invoice is issued, then the Plaintiffs in this action shall pay the remaining amounts due to DSI, Quarles & Brady LLP and any other retained professional. To the extent that the Plaintiffs pay all or any portion of any invoice of DSI, Quarles & Brady LLP, or any other professional, the Plaintiffs shall be entitled to reimbursement from future Receivership Property; such reimbursement shall be made prior to the distribution of Receivership Property to any other party.

Taxes

32. Notwithstanding anything in this Order to the contrary, the Receiver may, but will have no obligation to, prepare or file any tax returns or reports with any governmental entity, which will remain the ultimate responsibility of the Company. If the

Receiver elects not to file any tax return, the Receiver will provide information reasonably available to it to the Company for purposes of enabling the Company to prepare and file tax returns and reports.

33. The Receiver and the Company shall account for the revenue and expenses of the Company under the Company's tax identification number.

### Reporting and Discharge

34. The Receiver shall file with the Court interim reports of its activities, a description of the status of the assets and liabilities of the Company, transactions involving the Company's assets and liabilities, and the expenses of the Receiver. The interim reports shall be filed every 60 days, beginning 60 days from entry of this order, or at another interval with the Court's approval. The Receiver shall promptly file a final report and accounting of its activities and transactions involving the Company's assets when the corporation's activities have been wound down and its assets have been distributed to the shareholders. The Receiver will be discharged when the Court approves the final report, or earlier on a showing of good cause by the Receiver or a party to this case. The Court authorizes the Receiver to file its interim and final reports under seal, as those reports will necessarily contain confidential financial information pertaining to the Company and its shareholders.

### Exclusive Jurisdiction

35. This Court shall retain exclusive jurisdiction to interpret, construe, enforce, and implement the terms and provisions of this Order in all respects, including, but not limited to, retaining jurisdiction to (a) compel the Company and its owners assistance and

cooperation with the Receiver; (b) compel delivery of utility services to the Receiver and/or the Receivership Property; (c) compel the service entities listed in this Order to take direction from the Receiver as it relates to the accounts of the Company, and (d) resolve any disputes arising under or related to this Order.

36. The Receiver may, from time to time, and as needed, apply for such other and further relief as may be deemed just and equitable.

## Effectiveness of this Order

37. The Order establishing the Receivership shall be effective immediately, and DeMarb will assume the powers of receivership upon filing the acceptance of the Receivership

Entered February 7, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge