IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CARL SCHNEIDER, individually, and as Trustee of
THE CARL AND NARCELLE SCHNEIDER TRUST,
and MARY SCHNEIDER as Trustee of THE CARL
AND NARCELLE SCHNEIDER TRUST,

                    Plaintiffs,                               OPINION and ORDER

          v.                                                  19-cv-980-jdp

CHRIS SCHNEIDER, and HYRID CAR STORE, INC.,
f/k/a INTERNATIONAL MOTOR WERKS, INC., and
HONDA OF LA CROSSE, INC.,

                    Defendants.

The receiver, joined by plaintiffs, moves to enforce the order appointing her as the receiver, Dkt. 203, and she seeks expedited consideration, Dkt. 204 and 207. The receiver challenges Chris Schneider's right to direct his counsel, DeWitt, Ross & Stevens, to appeal the judgment on behalf of not just Chris Schneider, but also the Hybrid Car Store. The receiver contends that only she has authority to litigate on behalf of the company, citing paragraph three of the receivership order, which states, among other things, that the receiver has the authority to commence or continue litigation on behalf of the company. Dkt. 167, ¶ 3.a.

The court agrees with the receiver that Chris Schneider does not have authority under the receivership agreement to litigate an appeal on behalf of the company. The court's order does not use the word "exclusive" to describe the receiver's powers, but it didn't need to. By appointing a receiver to act in the best interests of the company, this court displaced Chris's control over the corporation and granted that control to the receiver, who gets to exercise it solely and without interference from Chris. *See* 75 C.J.S. Receivers § 392 ("[A] receiver takes

the rights, causes, and remedies which were in the individual or estate whose receiver he or she is or which were available to those whose interests he or she was appointed to represent.").

Contrary to the DeWitt firm's contention, the receiver is not legally or equitably estopped from asserting that she alone has the power to litigate on the company's behalf simply because she acknowledged—in response to a motion to withdraw by the company's previous counsel—that the company could hire counsel to "act for the Company narrowly." Dkt. 188. The company's prior counsel moved to withdraw on the grounds that he was no longer authorized to act as attorney because he had been displaced by the receiver. Dkt. 181. At the time, the receiver stated that if the company was to continue to retain counsel, such counsel could act only "in the very limited ways that are consistent with the directives and restrictions of the Receiver Order." *Id*. The court allowed the counsel's motion to withdraw on the ground that the company had no further need for representation, and, if that were to change, counsel would have to file a motion with this court. Dkt. 190. No motion has been filed since that order. The receiver's current position that she is the sole party permitted to act on behalf of the company with respect to appealing the judgment is not inconsistent with the position she took at that time.

Finally, the DeWitt firm fails to cite any authority for its perfunctory contention that granting sole authority to the receiver to appeal the judgment would interfere with the company's due process rights. Accordingly, that argument is forfeited. *See Greenbank v. Great Am. Assurance Co.*, 47 F.4th 618, 629 (7th Cir. 2022) ("We have made clear that perfunctory and underdeveloped arguments, and arguments that are unsupported by pertinent authority are waived.")

ORDER

The receiver's motions, Dkt. 203 and Dkt. 204, are GRANTED in part and DENIED in part. The court declares that the receiver has sole authority to litigate on behalf of the company. But the receiver also asks for an order so that she "may intervene in the Appeal for purposes of causing the Company to dismiss the Appeal with prejudice." Dkt. 203, at 4. That is a motion she will have to file with the court of appeals. This court has no authority to direct the court of appeals to allow the receiver to intervene in the appeal or require the court of appeals to dismiss the appeal.

Entered May 16, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge