IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL SCHNEIDER, as Trustee of THE CARL AND
NARCELLE SCHNEIDER TRUST, and MARY
SCHNEIDER, as Trustee of THE CARL AND
NARCELLE SCHNEIDER TRUST,

                            Plaintiffs,                            OPINION and ORDER

    v.

                                                             19-cv-980-jdp

CHRIS SCHNEIDER and HYBRID CAR STORE,
INC., f/k/a INTERNATIONAL MOTOR WERKS,
INC., and HONDA OF LA CROSSE, INC.,

                            Defendants.

---

Carl Schneider and Mary Schneider, as trustees of The Carl and Narcelle Schneider Trust, shared ownership with Chris Schneider of a family corporation that was most recently called the Hybrid Car Store. Chris Schneider owns 62.5 percent of the corporation, and the trust owns 37.5 percent. Plaintiffs sued Chris and the corporation, alleging that Chris was engaging in self-dealing and other types of mismanagement. The court entered judgment against the corporation for $553,905.49 and against Chris for $321,330. Dkt. 187. The court also appointed a receiver to wind down the corporation's operations and distribute the corporation's assets to the shareholders. *Id.* The court later approved $264,435.79 in attorney fees and costs for plaintiffs against Chris. Dkt. 222.

Two motions are before the court: (1) plaintiffs' motion to authorize the receiver to withhold from Chris's distribution the $585,765.79 plus statutory interest that Chris owes plaintiffs under the judgment, Dkt. 226; and (2) the receiver's motion to approve her final account and distribute the assets, Dkt. 231. The court will grant both motions.

As for plaintiffs' motion to satisfy the judgment against Chris using the proceeds from the distribution, plaintiffs acknowledge that enforcement of judgments is generally governed by state law, *see* Fed. R. Civ. P. 69, and that the ordinary procedure for enforcing a judgment under Wisconsin law is a separate garnishment proceeding under chapter 812. But plaintiffs say that equity principles govern a court's decision regarding how to apportion proceeds from a corporation's dissolution, and equity gives the court "broad discretion to accomplish a fair accounting between the parties." *Gull v. Van Epps*, 517 N.W.2d 531, 537–38, 185 Wis.2d 609, 626–27 (Ct. App. 1994). They also cite the statement in *Mulder v. Mittelstadt* that "equity has never placed any limits to the remedies which it can grant, either with respect to their substance, their form, or their extent; but has always preserved the elements of flexibility and expansiveness, so that new ones may be invented, or old ones modified, in order to meet the requirements of every case." 120 Wis. 2d 103, 115–16, 352 N.W.2d 223, 228–29, (Ct. App. 1984).

Plaintiffs' proposal makes sense. It is undisputed that Chris has not yet satisfied any portion of the judgment against him. That judgment relates solely to Chris's misconduct as the majority shareholder of the corporation, so it is equitable to use Chris's share of the distribution to satisfy the judgment. It is efficient as well. Chris does not suggest that he has any intention to pay the judgment voluntarily, which means that plaintiffs will be required to file a separate garnishment action against Chris. That would serve no purpose but to cause delay and subject both sides to more litigation and more expense.

Chris objects to plaintiffs' proposal, but he does not cite any authority suggesting that the proposal would exceed the court's equitable authority under state law. Nor does he identify

2

any reason why it would be inequitable to use the distribution to satisfy the judgment. So the court will grant plaintiffs' motion.

As for the receiver's motion to distribute the assets, the receiver calculates that the corporation has $2,174,467.32 in assets. She made slight revisions in her reply brief to her distribution plan to account for two things: (1) a $90,000 payment that Chris made to the corporation for rent assistance payments; and (2) statutory interest to plaintiffs. Dkt. 236, at 3–4. The court gave the parties an opportunity to object to the revised plan, but no party has objected to the revisions. The only disputed issue regarding the distribution plan is the one the court has already discussed, which is using Chris's share of the assets to satisfy plaintiffs' judgment against him. So the court will approve the receiver's plan. The assets will be divided as follows: (1) approximately $100,000 will be reserved for final receivership expenses; (2) $935,257.12 will be paid to the trust for debts owed by the corporation; (3) $90,000 will be paid to Chris for debts owed by the corporation; (4) $393,453.83 will be paid to the trust for its share of the remaining corporate assets; (5) $609,316.73 will be paid to the trust to satisfy the judgment against Chris; and (6) $46,439.65 will be paid to Chris for his share of the remaining corporate assets.[1]

After the receiver distributes these assets, along with any remaining amounts after subtracting receivership expenses, the receiver will submit a final report to the court confirming that she has distributed all of the assets. If there are no objections from the parties, the court will discharge the receiver and close the case.

---

[1] The actual total of the receiver's proposed distribution is $2,174,467.33, which is one penny more than the corporation's total assets. To make up the difference, the receiver should subtract the penny from the amount held for final receivership expenses.

3

The receiver raises two other issues. First, she says that the corporation's tax returns for 2022, 2023, and 2024 have not been filed, and she asks the court to direct Chris to sign the returns as a condition of receiving his distribution. Chris does not oppose that request, so the court will include that requirement in the order.

Second, the receiver requests a hearing in her opening brief. She does not explain the reason for that request, and she does not repeat the request in her reply brief. Neither plaintiffs nor Chris objected to the receiver's final account or to her proposed distribution plan, so no hearing appears to be needed. The court will not schedule a hearing at this time, but if the receiver believes that one is needed, she should renew her request promptly and explain the basis for it before she distributes the corporation's assets.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion to authorize the receiver to withhold from Chris Schneider's distribution the amount that Chris owes the trust under the judgment, Dkt. 226, is GRANTED.

2. The receiver's motion to approve the final account and to authorize distribution of the corporation's assets, Dkt. 231, is GRANTED. The receiver is to distribute assets in accordance with the plan proposed in Dkt. 236.

3. As a condition of receiving his share of the distribution, Chris Schneider is to sign the tax returns for the years 2022, 2023, and 2024.

4. No later than September 26, 2024, the receiver is to either file a final report confirming that she has distributed all the corporation's assets in accordance with the plan or show cause why she is unable to do so. The parties may have seven days

to object to the report. If no party objects, the court will discharge the receiver and close the case.

Entered June 26, 2024.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge