IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL SCHNEIDER, as Trustee of THE CARL AND
NARCELLE SCHNEIDER TRUST, and MARY
SCHNEIDER, as Trustee of THE CARL AND
NARCELLE SCHNEIDER TRUST,

                          Plaintiffs,                            OPINION and ORDER

    v.

                                                          19-cv-980-jdp

CHRIS SCHNEIDER and HYBRID CAR STORE,
INC., f/k/a INTERNATIONAL MOTOR WERKS,
INC., and HONDA OF LA CROSSE, INC.,

                          Defendants.

---

Receiver Rebecca DeMarb moves to modify the distribution to the parties. Dkt. 241. The receiver says that a modification is necessary to address potential tax liability of the Hybrid Car Store. She also says that the exact tax liability cannot be determined until all expenses and payments are made, but the accountants estimate that the bill will be approximately $450,000, and they recommend that amount be paid now to avoid ongoing interest and penalties. But most of the company's assets have been distributed to plaintiffs, and the receiver does not have enough to pay the estimated tax bill. So the receiver asks the court to order plaintiffs to return some of the funds to the receiver.

Before the distribution, the company had a little less than $2.2 million in assets. The receiver distributed approximately $2 million to plaintiffs and retained approximately $217,000.[1] From that amount, the receiver intended to pay Chris Schneider $90,000 that was

---

[1] The receiver originally stated that amount was approximately $215,000, but she corrected that figure in her reply brief.

owed to him and to pay the receiver herself for her expenses. After distributing those funds, the receiver says that approximately $45,000 will remain. Now the receiver asks for the following relief:

- direct plaintiffs to return $401,801.25 to the receiver so she can pay the estimated tax bill;[2]

- order Chris Schneider to sign the company's tax returns for 2022, 2023, and 2024;

- issue an order that automatically discharges the receiver one year after she files an affidavit confirming that the tax bill has been paid and any remaining funds have been distributed to the parties.

Plaintiffs do not dispute that they must return money to the receiver. The only real issue in dispute is whether the amount that plaintiffs must return should be reduced by $90,000, which is the amount the corporation owes to Chris Schneider for rent assistance.[3] Plaintiffs say that principles of equity support this approach because Chris is the wrongdoer, so he should not collect any money until plaintiffs are made whole. The court agreed with that view in the original order approving a distribution, reasoning that Wisconsin law gives courts broad discretion to determine a fair distribution of assets for a dissolving company, Chris had not yet satisfied any portion of the judgment against him, and the judgment was for Chris's misconduct as the majority shareholder of the corporation. The court determined that it would be both equitable and efficient to use Chris's share of the distribution to satisfy the judgment. Dkt. 239, at 2–3.

---

[2] The receiver originally requested $404,119.51 in her opening brief, but she corrected the amount in her reply brief.

[3] Plaintiffs also objected that the receiver did not provide a sufficiently detailed accounting. Dkt. 245, at 13. But the receiver complied with that request in her reply brief, Dkt. 248-1, and plaintiffs did not object to the revised figures, despite an opportunity to do so.

The same reasoning applies here. In her reply brief, the receiver does not object to applying the $90,000 reserved to Chris toward the amount that plaintiffs must return. Chris does object, citing Wis. Stat. § 128.17(1) for the proposition that the debts of a corporation must be paid before any distributions to the shareholders. Chris says that the $90,000 at issue is owed to him as a debt, not as part of a distribution, so the debt should be paid before any distribution to plaintiffs. But the court is not persuaded that § 128.17(1) prohibits plaintiffs' request. There is no dispute that Chris will still owe plaintiffs more than $90,000 if the plaintiffs return more than $400,000 to the receiver. Because Chris still owes a debt to plaintiffs, it makes no sense to direct the receiver to pay Chris before plaintiffs are made whole. Section 128.17(1) does not contemplate situations in which a creditor is also a shareholder and owes a judgment to a different shareholder. So the court will direct the receiver to credit the $90,000 as a payment by Chris on the judgment, which reduces the amount that plaintiffs must return to $311,801.25.[4]

The receiver raises two other issues. The first is when and under what circumstances the receiver should be discharged. The receiver asks that she be automatically discharged "one year after the filing of the Receiver's Affidavit stating that all estimated tax payments and disbursements have been made." Dkt. 241, at 6. This is different from the receiver's previous motion and the order appointing the receiver, which both state the receiver will be discharged when she files her final report. Dkt. 167, at 16; Dkt. 231, at 7. Presumably, the additional year

---

[4] In their brief, plaintiffs ask that the amount be reduced to a slightly different number, $311,201.23, Dkt. 245, at 12, but they do not object to the receiver's calculations in her reply brief, even though the court gave the parties an opportunity to object to those revised calculations.

is to address issues that could arise regarding taxes, either payments or refunds. The parties do not object to this request, so the court will grant it.

The second issue relates to what happens if the corporation receives a tax refund after the receiver is discharged. The receiver requests that she notify the Internal Revenue Service that any refunds be paid to the Carl and Narcelle Schneider Trust, and, if any refund exceeds the amount that Chris owes plaintiffs, they will "distribute to Chris Schneider such portion of any tax refund to which Chris Schneider is entitled on account of his shareholder interest in the Corporation." Dkt. 248, at 5. No party objects to that request, so the court will grant it.

Plaintiffs raise one other issue, which is to request that the satisfaction of judgment be vacated in light of the order requiring them to return part of their distribution. Neither the receiver nor Chris objects to this request, so the court will grant it.

ORDER

IT IS ORDERED that:

1. The receiver's motion to modify the distribution, Dkt. 241, is GRANTED.

2. The receiver is directed to credit the Hybrid Car Store's $90,000 debt to Chris Schneider as a payment toward plaintiffs' judgment.

3. Plaintiffs are directed to return $311,801.25 to the receiver within 14 days.

4. The satisfaction of judgment, Dkt. 240, is VACATED.

5. Chris Schneider to sign the 2022, 2023, and 2024 tax returns and to provide each signed tax return to Morrison & Associates within seven days.

6. No later than December 20, 2024, the receiver is to either: (1) file a final report confirming that she has distributed all the corporation's assets and made all estimated tax payments; or (2) show cause why she is unable to do so. The parties may have seven days to object to the report. If no party objects, the court will direct that: (1) the receiver be discharged without further order of the court after one year; and (2) the receiver notify the IRS that any refunds are to be paid to the Carl and Narcelle Schneider Trust, and, if any refund exceeds the amount that Chris owes

plaintiffs, they will distribute to Chris such portion of any tax refund to which is entitled on account of his shareholder interest in the corporation.

Entered October 24, 2024.

                                    BY THE COURT:

                                    /s/

                                    _____
                                    JAMES D. PETERSON
                                    District Judge